Larry Leon **CHANEY, et al., Appellants**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

No. 82–2321.

United States Court of Appeals, District of Columbia Circuit.

On Suggestion for Rehearing En Banc

Decided Jan. 17, 1984.

J. Paul McGrath, Asst. Atty. Gen., U.S. Dept. of Justice, Joseph E. diGenova, U.S. Atty., Leonard Schaitman, John M. Rogers, and Alfred Mollin, Attys., U.S. Dept. of Justice, Washington, D.C., were on the petition for rehearing and suggestion for rehearing en banc, for appellee.

Before ROBINSON, Chief Judge; WRIGHT, TAMM, WILKEY, WALD, MIKVA, EDWARDS, GINSBURG, BORK, SCALIA and STARR, Circuit Judges.

ORDER

PER CURIAM.

Appellee's suggestion for rehearing *en banc* has been circulated to the full Court. A majority of the Judges in regular active service have not voted in favor of the suggestion. On consideration of the foregoing, it is

ORDERED by the Court *en banc* that Appellee's suggestion is denied.

Circuit Judges WILKEY, GINSBURG, BORK, SCALIA and STARR would grant the suggestion for rehearing *en banc*. A statement by Circuit Judge SCALIA, joined by Circuit Judges WILKEY, BORK and STARR, is attached.

Circuit Judge EDWARDS abstains.

Statement on the denial of rehearing *en banc*, filed by Circuit Judge SCALIA, in which Circuit Judges WILKEY, BORK and STARR concur.

SCALIA, Circuit Judge:

For the reasons stated in my dissent from the panel opinion, I believe that opinion to be in error, both with regard to the scope of the Food and Drug Administration's jurisdiction, and with regard to the issue whether the decision that the court took upon itself was "committed to agency discretion by law" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2) (1982). Both issues seem to me of sufficient significance and of sufficiently general application to warrant the attention of the full court. Especially the latter, however, which bears upon the enforcement authority of all federal agencies.

The panel's determination that there exists a "general presumption of reviewability" of enforcement decisions distorts the law and usurps the authority of the Executive Branch. It is particularly worth the attention of the full court because it rests upon a novel interpretation of Supreme Court precedent that has now appeared in several of our panel opinions. The Supreme Court has said that action is to be deemed "committed to agency discretion by law" when the governing statute is "drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971), *quoting from* S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945). The panel opinion renders this guidance quite literally meaningless by asserting that "whether there is law to apply turns on such pragmatic considerations as whether judicial supervision is necessary to safeguard plaintiffs' interests, whether judicial review will unnecessarily impede the agency in effectively carrying out its congressionally assigned role, and whether the issues are appropriate for judicial review." 718 F.2d 1174 at 1185, *citing Natural Resources Defense Council, Inc. v. SEC,* 606 F.2d 1031, 1043–44 (D.C.Cir.1979). The same test has been applied by this

Circuit to sustain review in *Falkowski v. EEOC,* 719 F.2d 470, 480 n. 16 (D.C.Cir. 1983); *Local 1219, American Federation of Government Employees v. Donovan,* 683 F.2d 511, 515 (D.C.Cir.1982); and *WWHT, Inc. v. FCC,* 656 F.2d 807, 816 (D.C.Cir. 1981); and has been purportedly followed by other Circuits (though in denying review) in *Tuepker v. FHA,* 708 F.2d 1329, 1332 (8th Cir.1983); and *Sinai Hospital v. Horvitz,* 621 F.2d 1267, 1270 (4th Cir.1980). This seems to me not an application of the Supreme Court's guidance, but the substitution of an entirely different test—which can be summarized by saying that we intervene when we think it a good idea. The recited "pragmatic considerations" bear no rational relationship to "whether there is law to apply." One could with equivalent logic recite them as the definition of "injury in fact"—or of almost any other concept that needs evisceration.

Because of the importance of this issue in particular, I note my dissent from the denial of rehearing en banc.